**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **TERREL BATTLE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 5:26-cv-00091-MTT-CHW** |
| | : | |
| **Doctor NO, *et al*.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

*Pro se* Plaintiff Terrel Battle, a prisoner at Coastal State Prison in Garden City, Georgia, filed a 42 U.S.C. § 1983 civil rights complaint.  ECF No. 1.  Plaintiff also filed a motion for leave to proceed *in forma pauperis*.  ECF No. 3.  On April 7, 2026, Plaintiff was ordered to submit a certified copy of his inmate trust account statement in support of his motion to proceed *in forma pauperis* as mandated by 28 U.S.C. § 1915(a)(2).  ECF No. 4.  Plaintiff was given fourteen (14) days to respond and was informed that failure to comply with an order of the Court could result in dismissal of this action.  *Id*.  Plaintiff failed to respond.

Therefore, on June 5, 2026, Plaintiff was ordered to show cause why this action should not be dismissed for failure to comply with an order of the Court.  ECF No. 6.  The Court specifically informed Plaintiff that this action would be dismissed if he failed to respond or otherwise submit his certified account statement as previously ordered.  *Id*. On June 15, 2026, Plaintiff responded with another motion to proceed *in forma pauperis* in which he stated that he was having difficulty getting an account statement.  ECF No. 7.

On June 17, 2026 the Court granted Plaintiff an additional fourteen days to submit a certified account statement.   ECF No. 8.   The Court further ordered Plaintiff to notify the Court if he continued having difficulty obtaining an account statement from prison officials and provided Plaintiff with instructions on how to do so.   *Id*.   Plaintiff was cautioned that if he "fails to submit the certified account statement as ordered or fails to adequately document to the Court why he is unable to provide the account statement, this civil action may be dismissed."   *Id*. at 2.   Plaintiff has not responded.

Because Plaintiff has failed to comply with the Court's orders or otherwise prosecute this case, this complaint is **DISMISSED WITHOUT PREJUDICE**.   *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist*., 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED,** this 24th day of July, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

2