**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TERREL BATTLE,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **No. 5:26-cv-00091-MTT-CHW** |
| **Doctor NO, *et al*.,** | : | |
| **Defendants.** | : | |

**ORDER**

*Pro se* Plaintiff Terrel Battle, a prisoner now incarcerated at Dooly State Prison in Unadilla, Georgia,[1] filed a 42 U.S.C. § 1983 civil rights complaint. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. On April 7, 2026, Plaintiff was ordered to submit the statutorily required certified copy of his inmate trust account statement for the preceding six months in support of his motion to proceed *in forma pauperis*. ECF No. 4. Plaintiff was given fourteen (14) days to respond and was informed that failure to comply with an order of the Court could result in dismissal of this action. *Id*. Plaintiff failed to respond. Therefore, on June 5, 2026, the Court notified Plaintiff that it had not received a response and ordered him to show cause why this action should not be dismissed for failure to comply with a Court order. ECF No. 6. Plaintiff was given fourteen (14) days to answer. Plaintiff responded that he was having difficulty getting an account statement. ECF No. 7. Therefore, on June 17, 2026, the Court granted

[1] Plaintiff was incarcerated at Coastal State Prison when this civil action was initiated. ECF No. 1 at 4. On Augus 10, 2026, the Court received written notice that Plaintiff has been transferred to Dooly State Prison. ECF No. 12.

Plaintiff a fourteen-day extension of time to submit a certified account statement. ECF No. 8.

Having not received Plaintiff's response after more than thirty days elapsed, the Court dismissed this civil action on July 24, 2026 and judgment was entered on July 27, 2026. ECF Nos. 9 and 10. Thereafter, on July 27, 2026, the Court received an account statement from the Plaintiff. ECF No. 11. The account statement is dated June 26, 2026. *Id*. ECF No. 8. Plaintiff's accompanying letter is dated July 1, 2026 and the envelope that held his submissions was postmarked July 22, 2026. ECF Nos. 11-2 and 11-3.

"Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," courts "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)). Here, Plaintiff's submissions to the Court suggest that Plaintiff delivered his documents to prison officials to be mailed to the Court on July 1, 2026 which was within the time Plaintiff was given to comply with the Court's order. *See* ECF Nos. 8 and 11-2.

Therefore, the prison mailbox rule applies to Plaintiff's late tendering of an account statement[2] and accordingly the Court now **VACATES** its prior Dismissal Order (ECF No.

[2] The Court notes that Plaintiff's submissions (ECF No. 11) do not include the account certification form that was sent to the Plaintiff for his use in complying with the order "to submit a certified copy of his trust fund account statement for the preceding six months that is signed by a corrections official" (ECF No. 4 at 1). Nonetheless, the Court will still vacate its order of dismissal. However, Plaintiff is cautioned that in

9) and Judgment (ECF No. 10). This civil action is now **RECOMMITED** to the United States Magistrate Judge for screening pursuant to 28 U.S.C. § 1915 and the order referring this case to the Magistrate Judge for preliminary matters (ECF No. 2).

**SO ORDERED,** this 14th day of August, 2026.

S/ Marc T. Treadwell________________

MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

the future he must fully comply with the Court's orders, especially when he is ordered to utilize a standard form of the Court. Failure to fully comply with an order of the Court can result in a dismissal of this civil action.