**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TERREL BATTLE,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CASE: 5:26-CV-00091-MTT-CHW** |
| **VS.** | : | |
| | : | |
| **Doctor NO, *et al.*,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendants** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER

*Pro se* Plaintiff Terrel Battle, a prisoner incarcerated at Dooly State Prison in Unadilla, Georgia, filed a 42 U.S.C. § 1983 civil rights complaint. ECF No. 1. She[1] requests leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 3, 7. As explained below, Plaintiff's requests to proceed IFP are **GRANTED** and she is now **ORDERED** to recast her complaint.

## MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF Nos. 3, 7. As it appears Plaintiff is unable to pay the cost of commencing this action, her application to proceed IFP is hereby **GRANTED**. However, even if a prisoner is allowed to proceed IFP, she must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has

[1] Although Plaintiff is housed at an all-male prison, Plaintiff is transgender and the name listed on correspondence with the Court is "Ms. Terrel Battle." ECF No. 1 at 5; ECF No. 1-1. The Court uses Plaintiff's preferred female pronouns.

sufficient assets, she must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived. Plaintiff's submissions indicate that she is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that the complaint be filed and that she be allowed to proceed without paying an initial partial filing fee.

I. Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to her prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which she is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the

dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that a release from incarceration/detention does not release her from the obligation to pay the installments incurred while she was in custody. Plaintiff remains obligated to pay those installments justified by the income in her prisoner trust account while she was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if she is able to make payments but fails to do so or if she otherwise fails to comply with the provisions of the PLRA.

**INITIAL REVIEW OF PLAINTIFF'S COMPLAINT**

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Plaintiff's complaint has several deficiencies.

*Plaintiff's claims against Defendants Lewis, Lohman, Centurion, and Dooly State Prison Medical Director are subject to dismissal*

Plaintiff has named Statewide Medical Director Sharon Lewis, Statewide Mental Health Director Chad Lohman, Contract Vendor Centurion, and Medical Director at Dooly State Prison as Defendants in the heading of his complaint. *See* ECF No. 1 at 1. There are no allegations within the complaint to implicate them in any unconstitutional act. *See id*. at 5. A district court properly dismisses a claim when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the

defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). Because Plaintiff has failed to link a claim to Defendants Lewis, Lohman, Centurion, and the Dooly State Prison Medical Director, her claims against them are subject to dismissal

To the extent that Plaintiff may be attempting to assert claims based solely on the supervisory roles of Defendants Lewis, Lohman, Centurion, and the Dooly State Prison Medical Director, her claims would still be subject to dismissal. It is well-settled in the Eleventh Circuit that supervisory officials cannot be held liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Instead, to establish liability against a supervisor, a plaintiff must allege facts showing a causal connection between the supervisory defendants' actions and an alleged constitutional violation such as the supervisor personally participated in the alleged constitutional violation, directed

their subordinates to act unlawfully, or knew their subordinates would act unlawfully but the supervisor failed to stop them. *Keating*, 598 F.3d at 762. Here, Plaintiff has made no showing of a causal connection between any action of any Defendant in a supervisory role and the medical care of which she complains. *See Hernandez v. Fla. Dep't of Corr*., 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

*Plaintiff's claims against Doe Defendants are subject to dismissal*

Plaintiff lists "John Doe, Jane Doe" as Defendants. ECF No. 1 at 4. As a general rule, "fictitious party pleading is not permitted in federal court". *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)). Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted).

Plaintiff does not provide any description whatsoever of "John Doe" and "Jane Doe," nor does she state what they have done to violate her constitutional rights. *See* ECF No. 1 at 4, 5. As such, Plaintiff's claims against Defendants John Doe and Jane Doe are subject to dismissal. *See LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quotation marks and citations omitted ("[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation."); *Richardson*, 598 F.3d at 738 (finding that the dismissal of a claim is appropriate where "the description in [plaintiff's] complaint was insufficient to identify the defendant among the many guards employed at [the prison].").

*Plaintiff's claims are subject to dismissal for being improperly joined*

Lastly, Plaintiff has raised various claims against different Defendants that arose from her incarceration at three different prisons. ECF No. 1 at 5. Specifically, she includes (1) a medical need claim against Dr. Molloy arising at Ware State Prison in October 2024, (2) an unspecified claim against Lt. Anderson related to an inmate assault at Ware State Prison in October 2024, (3) a medical need claim against Dr. No arising at Wheeler Correctional Facility in December 2024, (4) an unspecified claim possibly against Chief Gaye related to an inmate assault at Wheeler Correctional Facility in December 2024, and (5) a medical need claim against unnamed Defendants arising from her present incarceration at Dooly State Prison. *Id*.

Under Federal Rule of Civil Procedure 18(a), a plaintiff may generally bring as many claims as he/ she has against a single defendant, but a plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may

join defendants in one action only if the complaint asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp*., 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga*., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

In this case, there appears to be no logical relationship between Plaintiff's various claims, other than the allegations all involve her. Just because alleged events occur to one plaintiff throughout his or her incarceration at various prisons or even in one prison or jail does not necessarily make claims about those allegations related under Rule 20. *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Plaintiff's claims regarding sexual assaults at two different prisons have no logical relationship to each other or to her medical care claims. Plaintiff's sexual assault claims are therefore subject to dismissal as improperly joined.[2] *See e.g. Smith v. Warden*, 597 F.

[2] The sexual assault claims are also subject to dismissal for failure to state claim. Plaintiff does not describe in any way how her rights were violated by any Defendant after she reported the assaults to them. See ECF No. 1 at 5. Although a complaint need not include detailed factual allegations, a plaintiff is required to provide more than mere "labels and

App'x 1027, 1030 (11th Cir. 2015) (per curiam) ("[S]tatus as a *pro se* litigant [does] not relieve [a plaintiff] of the obligation to comply with Rule 20(a)."); *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (per curiam) (affirming district court's Rule 20(a) dismissal of prisoner's claims that "alleged a variety of unrelated [excessive force] claims against different corrections officers, arising out of different events and occurring on different dates"). Thus, if Plaintiff wants to raise a claim about the assault at Ware State Prison and also raise a claim about the assault at Wheeler Corrections Facility, she must raise these claims in separate civil actions and she must address the filing fee for each civil action that she files.[3]

Plaintiff further fails to allege any common operative facts that would allow joinder of her October 2024 medical care claim against Defendant Molloy at Ware State Prison

---

conclusions," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[N]aked assertion[s]" devoid of "further factual enhancement" are not sufficient to state a valid claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

[3] Furthermore, if Plaintiff chooses to pursue these assault claims, she is advised that the Middle District of Georgia is not the proper venue for them. Wheeler Correctional Facility is in Wheeler County, which lies in the Dublin Division of the Southern District of Georgia. 28 U.S.C. § 90(c)(2). Ware State Prison is in Ware County, which lies in the Savannah Division of the Southern District of Georgia. 28 U.S.C. § 90(c)(4). Any complaint raising claims arising from those prisons and naming defendants from those prisons would thus need to be filed in the respective divisions of the Southern District of Georgia and not in this Court. Plaintiff is further advised that claims filed more than two years after the incidents giving rise to those claims are barred by the two year statute of limitations applicable to §1983 claims. *See Lovett v. Ray*, 327 F.3d 1181, 1128 (11th Cir. 2003); *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (claims filed after the expirations of the statute of limitations are time-barred). Thus Plaintiff's Ware State Prison claims would need to be filed before October 2026, and the Wheeler Correctional Facility claims would need to be filed before December 2026 to avoid a possible dismissal due to running of the statute of limitations.

with her December 2024 medical care claim against Defendant No at Wheeler Correction Facility with her ongoing medical care claim against unspecified Defendants at Dooly State Prison. *See e.g., Phillips v. Governor, State of Ga.*, No. 17-12501-H, 2017 WL 9513011, at *5 (11th Cir. Dec. 13, 2017) (noting that district court did not err by dismissing claims as unrelated because even though some of plaintiff's "claims involved similar issues—such as access to legal materials—his claims also involved separate incidents and different defendants"). If Plaintiff wishes to pursue each of these three medical care claims involving different defendants from different prisons, she must either (1) allege enough facts to show a logical relationship exists between these medical claims and that "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B); or (2) she must raise each of these medical care claims in separate complaints under different civil action numbers and be sure to file her new complaints in the district court where venue would be proper as outlined in footnote 3 of this Order.

**ORDER TO RECAST**

Plaintiff's complaint is presently deficient in that it violates Rule 20 of the Federal Rules of Civil Procedure and it fails to state a claim against most of its named Defendants. Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Therefore, Plaintiff is now required to submit a recast complaint if she wishes to proceed.[4] The recast complaint must contain a caption that clearly

---

[4] Presently there is a class action lawsuit pending in the Northern District of Georgia filed by attorneys on behalf of transgender prisoners who are being denied hormone therapy for

identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that she is pursuing in this action. It is recommended that, when drafting the statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) When and where did each action occur (to the extent memory allows)?

(4) How were you injured because of this Defendant's actions or inactions?

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Schreane v. Middlebrooks¸* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam); *Barber v. Krepp,* 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent

---

their gender dysphoria. 1:25-cv-04470-VMC, *Benjamin et al v. Oliver et al.* (hereinafter "*Benjamin*"). Many of Plaintiff's claims in the present civil action are nearly identical to those at issue in *Benjamin*. Presently pending in *Benjamin* are Orders (ECF Nos. 95 and 117) seeking class members who wish to be included in that litigation. Plaintiff may want to review *Benjamin* and pursue becoming a class plaintiff in that case pending in the Northern District of Georgia rather than attempting to litigate a *pro se* action. If she does so and becomes a class Plaintiff in *Benjamin*, she should notify this Court of her inclusion as a party in *Benjamin*.

amended pleading). Thus, Plaintiff's amended complaint will take the place of the original complaint. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

Plaintiff must honestly and completely answer each question presented in the Court's standard § 1983 complaint form. Plaintiff may only include defendants and claims that are related and comply with Rule 20 of the Federal Rules of Civil Procedure. Additionally, Plaintiff should state her claims as simply as possible referring only to the relevant allegations against the named defendants in this case. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of the complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citations omitted) ("The court may dismiss an action *sua sponte* under Rule 41(b) for …. failure to obey a court order."); *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (per curiam) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences, Fed. R. Civ. P. 20(a)"); *Skillern*, 379 F. App'x at 860 (holding that the district court did not abuse its discretion in dismissing plaintiff's case for his failure to comply with the Court's Order and his failure to comply with Rule 20 as to improperly joined claims.).

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law. ***The recast complaint cannot be longer than ten pages in its entirety***. Plaintiff is not to include any exhibits or attachments or file supplements to her recast complaint that would take the complaint beyond this ten-page limit.

**CONCLUSION**

Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 3, 7) are **GRANTED** and she is **ORDERED** to recast her complaint on the Court's standard form as instructed above. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast her complaint if she wishes to proceed. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in her mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with a service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 24th day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge